249 F.2d 441
 Charles G. BLACK, Trustee in Bankruptcy for the
Butler-Foster Milling Company, a Missouri
corporation, Petitioner,
v.
Marion S. BOYD, United States District Judge for the Western
District of Tennessee, Respondent,
 No. 13079.
 United States Court of Appeals Sixth Circuit.
 Sept. 23, 1957.
 
 Before ALLEN, MILLER and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 This cause having been considered by the Court upon the petition for a Writ of Mandamus, the respondent's response to the order to show cause why the writ should not issue, and the oral arguments and briefs of counsel for the respective parties;
 
 
 2
 And the Court being of the opinion that a part of the relief prayed for by the petitioner should be granted and a part denied and that the Writ should issue for the purpose of putting such ruling into effect, as set out in the opinion of the Court, 248 F.2d 156, filed this day,
 
 
 3
 It Is Ordered that this Writ of Mandamus issue out of this Court and that the Honorable Marion S. Boyd, United States District Judge for the Western District of Tennessee, take the necessary action in his official capacity to vacate and set aside so much of an order entered by him on October 22, 1956, in the case of Continental Grain Company, a corporation, v. The First National Bank of Memphis, Tennessee, a national banking corporation, and Charles G. Black, Trustee in Bankruptcy for the Butler-Foster Milling Company, a Missouri corporation, being Civil Action No. 2860 in the United States District Court for the Western District of Tennessee, as strikes from the record or denies the demand of said Trustee for a trial by jury of his cross-claim against the First National Bank of Memphis, Tennessee, and orders that the trial of the issues raised by said cross-claim and the answer of the Bank thereto be before the Court without a jury;
 
 
 4
 And It Is Further Ordered that other relief prayed for by the petition for Writ of Mandamus be denied and that the remainder of said order of October 22, 1956, be unaffected by the action taken by the respondent in compliance with this Writ.
 
 
 5
 It Is Further Ordered that no costs be allowed to the petitioner. Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968.